**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

WILLIAM C. MANLEY, etc., et al.,

      Plaintiffs,

v.                             CASE NO.  4:12cv501-RH/CAS

CITY OF TALLAHASSEE,

      Defendant.

_____/

## <u>ORDER OF DISMISSAL</u>

This case arises from a garden-variety dispute between adjoining landowners. But the garden-variety claims are proceeding in state court, while this federal case presents a novel attempt to constitutionalize the claims and hold a local government responsible.

The plaintiff landowner asserts that his neighbor improperly altered the drainage onto and from the plaintiff's property and that the neighbor is improperly interfering with the plaintiff's use of the plaintiff's own property and an easement over the neighbor's property. The plaintiff is pursuing state-law claims against the neighbor in state court but has filed this action against the defendant City of

Tallahassee, asserting that the City's approval of a site plan for the neighbor's property, without notice to the plaintiff, violated the Constitution.

The City has moved to dismiss. This order grants the motion because the City's approval of the site plan deprived the plaintiff of nothing. The plaintiff has precisely the same rights under state law now as the plaintiff had before the City approved the site plan.

I

The plaintiff William C. Manley owned real property in Tallahassee that he wished to use for an auto-parts store.[1] Rib Inc. ("Rib") owned a neighboring parcel and used it for a barbecue restaurant.[2] Mr. Manley and Rib entered an agreement in 1981 that addressed drainage issues and created a 20-foot strip for ingress to and egress from both properties. Mr. Manley built the auto-parts store. Mr. Manley and Rib operated under their agreement, apparently without difficulty, until 2008.

At that point, Rib decided to sell its parcel to Super-Suds Express No. 2, LLC ("Super-Suds"), which intended to demolish the barbecue restaurant and build

---

[1] At some point Mr. Manley assigned the rights now at issue to MMM Management of Tallahassee, Inc. Both Mr. Manley and MMM are plaintiffs. For present purposes, the assignment to MMM makes no difference. For convenience, this order usually refers only to Mr. Manley.

[2] At the outset, Rib's owner Harold A. Smith may have owned the parcel in his own name. At some point Mr. Smith conveyed the property to Rib. For present purposes, the timing of the conveyance makes no difference. For convenience, this order refers to Rib as the owner from the outset.

a carwash. Rib and Super-Suds submitted a site plan to the City of Tallahassee.

The City approved the plan without giving Mr. Manley notice or an opportunity to

be heard. Based on the City's approval, Rib conveyed its property to Super-Suds,

which built the carwash. Mr. Manley alleges that the construction and operation of

the carwash interfere with Mr. Manley's use of his property and the easement

created by the 1981 agreement and unreasonably alter the drainage between the

two properties in violation of state law and the 1981 agreement.

II

The Supreme Court has set out the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 [(2007)] (quoting *Conley v. Gibson*, 355 U.S. 41, 47 [(1957)]). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra*, at 555-556 . . . (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 [(2002)]; *Neitzke v. Williams*, 490 U.S. 319, 327 [(1989)]; *Scheuer v. Rhodes*, 416 U.S. 232, 236 [(1974)]).

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court must accept the

complaint's factual allegations as true "even if [the allegations are] doubtful in

fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*. Nor must

a complaint allege with precision all the elements of a cause of action. *See*

*Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case). But neither is a conclusory recitation of the elements of a cause of action alone sufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id*. at 557. The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id*. at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id*. at 678-79.

# III

Mr. Manley's complaint is easily sufficient to show that he has suffered a redressable wrong. Under Florida state law, a party who, like Rib, enters a contract must comply with it. A party who, like Mr. Manley, suffers a breach may enforce the contract or otherwise obtain redress. A party with a valid easement may protect it against encroachment. And a landowner may not unreasonably alter the volume or intensity of water flowing onto adjoining land; an owner of adjoining land improperly impacted by a violation of this principle may obtain appropriate redress. *See*, *e.g.*, *Westland Skating Ctr., Inc. v. Gus Machado Buick, Inc.*, 542 So.2d 959 (Fla. 1989); *Heritage 5, LLC v. Estrada*, 64 So. 3d 1292 (Fla. 4th DCA 2011). Mr. Manley has alleged facts that, if proven, would entitle him to redress on these grounds.

None of this, however, suggests a right to redress against the City. If Mr. Manley's rights have been or are being violated, it is because Rib or Super-Suds has violated or is violating those rights. Under Florida law, the approval of a site plan cannot abrogate a contract, except to the extent the contract so provides. The approval of a site plan cannot reduce another person's rights under an easement, unless the easement itself explicitly or implicitly so provides. The approval of a site plan for one parcel ordinarily does not reduce a neighbor's right to use the neighbor's own parcel, and did not purport to do so here. And the approval of a

site plan does not establish that its implementation will not unreasonably alter drainage to or from a neighboring parcel—thus affording the neighbor a right to redress. The Florida Supreme Court made this clear in *Westland*, 542 So. 2d at 964 (holding that a landowner's compliance with a building code did not preclude a finding that the landowner unreasonably altered drainage onto adjoining land).

If, as Mr. Manley asserts, Super-Suds is encroaching on Mr. Manley's valid easement, or if, as Mr. Manley asserts, Super-Suds is improperly interfering with Mr. Manley's rights relating to drainage between the two sites, then Mr. Manley will be entitled to relief under state law now just as he was before the City approved the site plan. The approval of the site plan will afford Super-Suds no defense in an action to enforce Mr. Manley's rights.

Mr. Manley says the City denied him due process when the City failed to provide notice and an opportunity to be heard on the proposed site plan. The Due Process Clause forbids a city from depriving a person of "property" without due process of law. *See, e.g., Key West Harbour Dev. Corp. v. City of Key West, Fla.*, 987 F.2d 723, 727 (11th Cir. 1993). Mr. Manley says he had a property interest in the contract, easement, and drainage rights at issue, because, he says, the rights were protected by state law.

Just so.

The rights were protected by state law when the City approved the site plan and thus constituted a property interest. And the rights are still protected by state law—to precisely the same extent as before the City approved the site plan—and thus have not been denied by the City. The City's approval of the site plan did not deprive Mr. Manley of the rights that constitute a property interest.

For the same reason, the City's approval of the site plan did not effect an unconstitutional taking of Mr. Manley's property or an unconstitutional seizure of the property in violation of the Fourth Amendment, as Mr. Manley creatively asserts. Mr. Manley has the same property and same rights now as he had before the City approved the site plan.

To be sure, under equitable principles and the avoidance-of-waste doctrine, the fact that the carwash has been built may alter the relief available to Mr. Manley if he prevails on his state-law claims against Rib or Super-Suds. But if so, that will be a consequence of Mr. Manley's failure to seek and obtain immediate relief upon learning of the site-plan approval and the proposed construction, not a consequence of the site-plan approval itself. When Mr. Manley learned of the site-plan approval and proposed construction, the available relief on any well-founded claim against Rib or Super-Suds was precisely the same as before the site plan was approved. The site-plan approval made no change.

For these reasons,

IT IS ORDERED:

The City's motion to dismiss, ECF No. 10, is GRANTED.  The clerk must

enter judgment stating, "The claims of the plaintiffs William C. Manley and MMM

Management of Tallahassee, Inc., against the defendant City of Tallahassee are

dismissed with prejudice."  The clerk must close the file.

SO ORDERED on January 3, 2013.

s/Robert L. Hinkle
United States District Judge